J-S30042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JORGE LUIS PORTALATIN | |
| Appellant | No. 232 EDA 2015 |

Appeal from the PCRA Order December 31, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002207-2006

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JUNE 04, 2015**

Appellant Jorge Luis Portalatin appeals from the order of the Northampton County Court of Common Pleas dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On June 11, 2007, Appellant pled guilty to one count of aggravated indecent assault of a person less than thirteen years of age and two counts of endangering the welfare of children.[1]  On November 2, 2007, the trial court found Appellant to be a sexually violent predator and sentenced him to an aggregate term of 10 to 24 years' imprisonment.[2]  Appellant filed a

---

[1] 18 Pa.C.S. §§ 3125(a)(7), 4304(a), respectively.

[2]  The trial court sentenced Appellant to 18 to 84 months' imprisonment for the first endangering the welfare of children count; 42 to 84 months'
*(Footnote Continued Next Page)*

timely notice of appeal. The appeal was discontinued at his request on June 9, 2008.

On April 13, 2009, Appellant filed a PCRA petition. The PCRA court appointed counsel and held an evidentiary hearing. On September 24, 2009, the PCRA court denied the petition. This Court affirmed the order on April 27, 2011.

On June 28, 2012, Appellant filed a second PCRA petition. The PCRA court appointed counsel, who filed a motion to withdraw and a no-merit letter pursuant to **Turner**[3] and **Finley**.[4] The PCRA court issued a notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On November 9, 2012, the PCRA court dismissed Appellant's petition and, on January 18, 2013, it granted counsel's motion to withdraw. This Court affirmed the dismissal on August 14, 2013. On February 10, 2014, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On November 12, 2014, Appellant filed a "Petition for Sentence Reduction," which is the petition at issue in this appeal. The PCRA court

*(Footnote Continued)* ─────────────

imprisonment for the second endangering the welfare of children count; and 60 to 120 months' imprisonment for the aggravated indecent assault count. The court imposed the sentences consecutively.

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988).

[4] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

construed this petition as Appellant's third PCRA petition. On December 5, 2014, it filed a notice of its intent to dismiss the petition without a hearing pursuant to Rule 907. On December 22, 2014, Appellant filed a response to the notice. On December 31, 2014, the PCRA court dismissed the petition. On January 13, 2015, Appellant filed a timely notice of appeal and, at the same time, filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On January 15, 2015, the PCRA court issued a Rule 1925(a) statement incorporating as its statement of reasons the December 8, 2014 notice of its intent to dismiss the PCRA petition without a hearing.

Appellant raises the following issues on appeal:

> I. The sentencing judge found aggravating factors which did not relate to prior conviction[s], the factors are essential to imposition of level of punishment that Appellant received, these facts had not been found by a jury nor proven beyond a reasonable doubt, thus violating Appellant's 6th Amendment right to [a] jury trial and violating due-process as guaranteed by the 14th Amendment to the [United States] Constitution.

> II. The trial court arbitrarily determined Appellant's "Petition for Sentence Reduction" to be a PCRA Petition, the court had applied [the PCRA statute] and its rules as reasons to support its decision to dismiss Appellant's "Petition for Sentence Reduction" by determining it to be a PCRA petition that was time barred.

Appellant's Brief at 10 ("Statement of Questions Presented").[5]  We will first address Appellant's claim the PCRA court erred in treating his petition for sentence reduction as a PCRA petition, because resolution of this claim affects this Court's jurisdiction to address the merits of his first claim.

The PCRA court properly treated Appellant's petition for sentence reduction as his third PCRA petition and dismissed the petition as untimely.

The PCRA provides:  "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis."  42 Pa.C.S. § 9542.  If the petitioner's claim is cognizable under the PCRA, a petitioner "may only obtain relief under the PCRA."  ***Commonwealth v. Descardes***, 101 A.3d 105, 108 (Pa.Super.2014) (quoting ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa.Super.2004)) (emphasis deleted).  Claims challenging a petitioner's sentence are cognizable under the PCRA.  ***See, e.g., Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa.Super.2013) (PCRA provides sole means for collateral review of judgment of sentence); ***Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa.Super.2007) (challenge to legality of sentence tied to filing of timely PCRA petition); ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa.Super.2000) (PCRA is

---

[5] Appellant's Brief is not paginated.  All page numbers are supplied by this Court.

only vehicle to address legality of sentence after direct appeal, or after time for filing direct appeal expires). Accordingly, the PCRA court properly treated Appellant's petition for sentence reduction as a third PCRA petition.

Pursuant to Pennsylvania law, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); *accord Monaco*, 996 A.2d at 1079. A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar exist. The exceptions allow for limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); *Monaco*, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  When invoking a time-bar exception, the petition must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of conviction became final on June 9, 2008 when he discontinued his direct appeal.  He had one year from that date, until June 9, 2009, to file a timely PCRA petition.  Therefore, his current petition, filed on November 12, 2014, is untimely.

Appellant relies on **Alleyne v. United States**, --- U.S. ---, 133 S.Ct. 2151, 2158, 186 L.Ed.2d 314 (2013),[6] to allege he qualifies for the new-constitutional-right exception to the PCRA time-bar.  We disagree.  In **Alleyne**, the Supreme Court of the United States found "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt."  **Alleyne**, --- U.S. ---, 133 S.Ct. at 2158.   This was an extension of the **Apprendi** line of Supreme Court of United States cases.  **Commonwealth v. Miller**, 102 A.3d 988, 994 (Pa.Super.2014).  In **Miller**, however, this Court found that, even if **Alleyne** announced a new constitutional right, "neither our Supreme

_____

[6] Appellant also cites **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and similar cases.  **Alleyne**, however, is the most recent Supreme Court case cited in support of his argument.

Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final." 102 A.3d at 995. Because the Supreme Court of Pennsylvania and the Supreme Court of the United States have not held *Alleyne* applies to cases on collateral review, Appellant cannot satisfy the new-constitutional-right exception to the PCRA time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(iii); *Miller*, 102 A.3d at 995. Further, the Supreme Court of the United States decided *Alleyne* on June 17, 2013. Appellant did not file his current petition until November 12, 2014, which is more than 60 days after June 17, 2013, the date he could have discovered the claim. *See* 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."); *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa.Super.2007) ("[w]ith regard to an after-recognized constitutional right, . . . the sixty-day period begins to run upon the date of the underlying judicial decision").[7]

Accordingly, Appellant's PCRA petition is time-barred and he fails to establish any exception to the PCRA time-bar. The PCRA court did not abuse its discretion in dismissing the PCRA petition as untimely.

_____

[7] To the extent Appellant argues his legality of sentence claim cannot be waived, this argument fails. Although a challenge to the legality of sentence "is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *See Infante*, 63 A.3d at 365. If a PCRA petition is untimely, the court lacks the jurisdiction to hear any claim, including a legality of sentence challenge. *Id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/4/2015